UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

AKM ACQUISITIONS, LLC                    CIVIL ACTION

VERSUS                                   NO. 14-535

AMERICAN NATIONAL RED CROSS,             SECTION "F"
ET AL.

<u>ORDER AND REASONS</u>

Before the Court are the defendants' motions to dismiss under Rule 12(b)(6) and the plaintiff's motion to stay and administratively close this case pending resolution of a related state-court action.  For the reasons that follow, the plaintiff's motion to stay is DENIED, and the defendants' motions to dismiss are GRANTED in part and DENIED in part.

<u>Background</u>

This dispute arises out of a possessory action against the plaintiff currently pending in state court.  The plaintiff asserts the following allegations in its complaint:

On November 29, 2012, the plaintiff, AKM Acquisitions, LCC (AKM), purchased two parcels of immovable property from On Leong Chinese Merchants Association (On Leong) for $1.8 million.  The Act of Sale included the condition that On Leong's mortgage on the property be paid and satisfied from settlement of the sale proceeds, and so, at closing, a portion of the sale proceeds was transmitted to Whitney Bank to satisfy the mortgage.  On December

1

10, 2012, Whitney Bank executed a Request for Cancellation of Mortgage or Privilege and Release by Licensed Financial Institution, and the Clerk of Court of Orleans Parish then cancelled and erased the mortgage from the mortgage records.

Meanwhile, also on December 10, 2012, On Leong filed a Petition for Possessory Action and Relief and Damages against AKM in state court, alleging that AKM interfered with its right of possession to the immovable property subject of the November 29, 2012 Act of Sale. Although the Act of Sale was executed by Chiu Hon Lee, representing himself as President of On Leong, and Kam Wong, representing himself as Secretary, On Leong alleges that Lee and Wong were not actually its officers and lacked proper authority to execute the Act of Sale.

On December 20, 2012, apparently still acting without proper authority, Lee and Wong delivered two checks to the American National Red Cross (Red Cross) totaling $1,124,396.01, representing a portion of the proceeds from the Act of Sale. Lee and Wong told the Red Cross that the checks were a donation from On Leong to support the services of the Red Cross through is Southeast Louisiana Chapter, located in New Orleans.

On November 26, 2013, AKM filed suit against Whitney Bank and the Red Cross in state court, which was then removed to this Court. AKM seeks to preserve its right to proceed against Whitney Bank and the Red Cross, if the Act of Sale between On Leong and AKM is

declared null in the state-court possessory action. AKM asserts that the mortgage payoff to Whitney Bank and the donation to the Red Cross are directly traceable to On Leong's proceeds from the Act of Sale, and that AKM is entitled to their return if the Act of Sale is nullified. Whitney Bank and the Red Cross now move to dismiss the complaint for failure to state a claim, and AKM moves to stay and administratively close the case pending final resolution of the state-court proceedings.

I.

A district court's power to stay proceedings "is incidental to the power in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for the litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 254-55 (1936). If there is "even a fair possibility" that a stay will damage someone else, then the proponent bears the burden of showing "a clear case of hardship or inequity." See id. at 255. Relevant factors the Court may consider in determining whether a discretionary stay should be entered include hardship on the movant if no stay is entered, prejudice to the non-moving party if a stay is granted, and judicial economy. See Wedgeworth v. Fireboard Corp., 706 F.2d 541, 545 (5th Cir. 1983). "[B]efore granting a stay pending the resolution of another case," the Fifth Circuit has

3

instructed, "the court must carefully consider the time reasonably expected for resolution of the 'other case' in light of the principle that 'stay orders will be reversed when they are found to be of an indefinite duration.'" Id. (citation omitted).

AKM contends that a stay pending final resolution of the state-court proceedings would serve the interests of justice and judicial economy without prejudicing the defendants. AKM points out that it only seeks relief against Whitney Bank and the Red Cross if it should lose against On Leong in the state-court possessory action. The defendants counter that a stay would only protract these proceedings in light of the pending dispositive motions. The defendants note that the state-court case has already been pending for well over a year, without AKM yet even answering.

The Court is persuaded that a stay is not warranted. The Court acknowledges AKM's concern that its right to relief in this case may depend on the outcome of the apparently dormant state-court proceedings; however, AKM wholly fails to suggest when resolution of the state-court case might reasonably be expected. AKM's request is ostensibly one for an indefinite stay, which this Court is constrained to deny. See id.

II.

A.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state

4

a claim upon which relief can be granted.  Such a motion is rarely granted because it is viewed with disfavor.  See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).  In considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)).  But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true.  Kaiser, 677 F.2d at 1050.  Indeed, the Court must first identify allegations that are conclusory and, thus, not entitled to the assumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  A corollary: legal conclusions "must be supported by factual allegations."  Id. at 678.  Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief."  Id. at 679.

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted).  "Factual allegations must be enough to

raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted) (citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

In deciding a motion to dismiss, the Court may consider documents that are essentially "part of the pleadings." That is, any documents attached to or incorporated in the plaintiff's complaint that are central to the plaintiff's claim for relief.

6

Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)).  Also, the Court is permitted to consider matters of public record and other matters subject to judicial notice without converting a motion to dismiss into one for summary judgment.  See United States ex rel. Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 379 (5th Cir. 2003).

B.

Whitney Bank moves to dismiss AKM's claims for reinscription of the mortgage and for payment of thing not due.  The Court will address each claim in turn.

1.

Whitney Bank first moves to dismiss AKM's claim for return of proceeds and reinstatement and reinscription of the mortgage.  AKM seeks return of the portion of the proceeds from the Act of Sale used to satisfy the mortgage, if the state court should nullify the Act of Sale.  But AKM provides no grounds for entitlement to the relief requested.[1]  Its claim must be dismissed.

2.

---

[1]   The only grounds provided by AKM in its complaint is article 2452, governing "Sale of the thing of another."  La. Civ. Code art. 2452.  AKM's allegations regarding the mortgage payoff in no way state a claim under this article.  There is no allegation of any sale involving Whitney Bank.  See id.  And to the extent that AKM desires to state a claim for nullity against Whitney Bank, its current attempt plainly fails to satisfy even the most minimal pleading requirements.

Whitney Bank also moves to dismiss AKM's claim for payment of a thing not due.  "A person who has received a payment for a thing not owed to him is bound to restore it to the person from whom he received it."  La. Civ. Code art. 2299.  Whitney Bank first contends that the mortgage payoff was in fact owed because the Act of Sale provided that the balance due on the mortgage "shall be paid and satisfied from the settlement proceeds of this sale."  This argument misses the mark.  This whole dispute is based on the assumption that the Act of Sale--with all of its provisions--is a nullity.  Whitney Bank also contends that it did not receive the payment from AKM, but rather from the closing attorney.  Although Whitney Bank correctly notes that AKM at one point alleges that the closing attorney "transmitted a portion of the proceeds . . . to Whitney Bank . . . in order to pay and satisfy the On Leong Mortgage," AKM also specifically pleads that "Whitney has received a payment not owed to them [sic] and are [sic] bound to restore it to AKM from whom they [sic] received it."  The Court is persuaded that AKM alleges sufficient factual matter to state a plausible claim for payment of a thing not due.  See La. Civ. Code art. 2299. Whitney Bank is therefore not entitled to dismissal of this claim.

C.

The Red Cross moves to dismiss AKM's claim for nullification of the $1.1 million donation.  A donation inter vivos is a type of contract.  La. Civ. Code art. 1468.  "A contract is absolutely null

when it violates a rule of public order, as when the object of the contract is illicit or immoral." La. Civ. Code art. 2030. "Absolute nullity may be invoked by any person or may be declared by the court on its own initiative." Id. "A contract is relatively null when it violates a rule intended for the protection of private parties, as when a party lacked capacity or did not give free consent at the time the contract was made." La. Civ. Code. art. 2031. Challenges to relatively null contracts may only be made by "those persons for whose interest the ground for nullity was established." Id. In the context of donations, this generally means the donor. See Haynes v. Haynes, 848 So. 2d 35, 38 (La. App. 1 Cir. 2003).

The Red Cross contends that AKM cannot state a claim for nullification of a donation to which it was not a party. It argues that AKM only pleads relative nullity, which can only be raised by the donor. AKM counters that any person can bring a claim for absolute nullity, and argues that the donation is an absolute nullity because Lee and Wong acted in violation of public order.

As an initial matter, the Red Cross challenges AKM's right, rather than its cause, of action.[2] See Fed. R. Civ. P. 12(b)(1); see also Haynes, 848 So. 2d at 38 (the exception of no right of action assumes a viable cause of action). Nonetheless, the Court

---

[2] Although the Red Cross styles its motion as falling under Rule 12(b)(6), it specifically and repeatedly asserts that AKM lacks standing.

is persuaded that AKM pleads a claim of relative nullity, which must be dismissed for lack of standing. <u>See</u> La. Civ. Code art. 2031. AKM specifically alleges that Lee and Wong "lacked the proper capacity or authority" to make the donation, that they made the donation "by fraudulent means," and that "On Leong lacked the donative intent necessary to make a valid donation inter vivos." <u>See</u> <u>id.</u> However, the Court also finds that AKM pleads sufficient factual content to support a claim for absolute nullity. AKM sufficiently alleges that Lee and Wong secreted a portion of the proceeds from the Act of Sale for some illicit purpose. <u>See</u> <u>Funk v. Clement</u>, 925 So. 2d 717, 721 (La. App. 3d Cir. 2006)(a donation made to hide property from potential creditors violated public policy and was an absolute nullity). This states a plausible claim for absolute nullity.[3] <u>See</u> La. Civ. Code art. 2030.

    Accordingly, IT IS ORDERED: that AKM's motion to stay pending final resolution of the state-court action is DENIED; Whitney Bank's motion to dismiss is GRANTED with respect to AKM's claim for reinstatement and reinscription of the mortgage and DENIED with respect to the claim for payment of a thing not due; and the Red Cross' motion to dismiss is GRANTED with respect to the claim of

---

    [3] Any lack of specificity can be attributed to the fact that Lee's and Wong's activities were only revealed by the state-court litigation, which remains in the early stages, without any discovery yet conducted. The plaintiff should not be penalized for this circumstance, and may be entitled to leave to amend the complaint to include additional facts as they are uncovered in the state-court litigation.

relative nullity and DENIED with respect to the claim of absolute
nullity.

New Orleans, Louisiana, June 16, 2014

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE